UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JAQUAN JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:16-CV-308-JRG-CHS |
| v. | ) | |
| SILVERDALE CCA, *et al.*, | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2] filed pro se by Jaquan Johnson, a prisoner at the Silverdale Detention Center. On October 3, 2016, the Court entered an Order, advising Plaintiff that his motion for leave to proceed *in forma pauperis* was deficient, as the application was incomplete and it was not accompanied by a certified copy of his inmate trust account for the previous six-month period [Doc. 3 (citing 28 U.S.C. § 1915(a)(2))]. The Court advised Plaintiff that he "shall . . . pay the full filing fee or . . . submit the required documents" within thirty days from the date of the Court's Order [*Id.*]. The Court further advised Plaintiff that, "if he fail[ed] to fully comply with this Order within the time required, the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution." [*Id.*].

The Order was mailed to Plaintiff at the address listed on his complaint – that is, the Silverdale Detention Center [Doc. 1, 3]. That copy of the Court's Order was returned to sender indicating that Plaintiff is no longer at that facility [Doc. 4]. However, because Plaintiff

provided his permanent home address to the Court in his application to proceed *in forma pauperis*, the Clerk sent a second copy of the Court's Order to Plaintiff, this time to his home address, on March 22, 2017 [See unnumbered docket entry dated March 22, 2017]. That Order has not been returned to the Court. More than thirty (30) days have now passed, and Plaintiff has not filed any response to the Court's Order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Notification of a change of address must be accomplished by filing a

notice with the Clerk and service of the notice upon all other parties within fourteen (14) days of the change of address. E.D. Tenn. L. R. 83.13. The failure of a pro se party to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13. Since the fault lies with Plaintiff, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary sanction. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, Plaintiff is **ASSESSED** the full filing fee of $400.00, and this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE